## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISHMAEL BURK,      :
  *Plaintiff,*       :
             :
 v.           :   CIVIL ACTION NO. 21-CV-4968
             :
MS. WEST, *et al.*,     :
  *Defendants.*     :

## MEMORANDUM

**PAPPERT, J.**             **NOVEMBER 24, 2021**

   Plaintiff Ishmael Burk, a prisoner held at SCI-Chester ("SCIC"), filed this civil action pursuant to 42 U.S.C. § 1983. Burk names as Defendants two educational staff members at SCIC named Ms. West and Taneisha Spall, two medical staff members at SCIC named Alicia Ross and Dr. Little, and SCIC Deputy Superintendent Mark Wahl. All Defendants are named in their individual and official capacities. Burk seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, the Court will (1) grant Burk leave to proceed *in forma pauperis*, (2) dismiss his claims against Defendant Wahl and his official capacity claims against all remaining Defendants with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) direct service of the balance of the claims.

I

   Burk's allegations are straightforward. He asserts that on June 10, 2021, Defendant West stabbed him in the neck with a pen, causing him to bleed. (ECF No. 2 at 12.)[1] Burk wrote a grievance to Defendant Wahl explaining what happened. (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

He also wrote a sick call request. (*Id.*) The following day, Defendants Ross and Dr. Little refused to treat his neck injury. Ross told him his story of being stabbed by Defendant West was not believable. (*Id.*) Little told him not to write medical again. (*Id.*) Burk asserts that his neck continued to bleed for a week and became infected. (*Id.*)

On October 18, 2021, he asked Defendant West about his school credits and she allegedly said, "don't make me stab you again." (*Id.* at 13.) Burk reported this to Defendant Spall, the principal of the prison school. (*Id.*) Spall allegedly removed him from class and later refused to readmit him, causing Burk to lose graduation credits, apparently in retaliation for him complaining about the incident with West. (*Id.*) He was thereafter called to security and he made a report of the incident. (*Id.*) Spall allegedly filed a report stating that Burk was "in the wrong for asking about my school credits and Ms West had a right to make those comments because I was bugging her about graduating." (*Id.*) Burk wrote to Wahl to ask to press charges against West, but Wahl ignored him. (*Id.*) Burk seeks money damages asserting claims under the First, Fourth, Fifth, and Eighth Amendments.

## II

The Court grants Burk leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

---

[2] However, as Burk is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999),

which requires the Court to determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of

the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,'

'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792

F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556

U.S. at 678.  As Burk is proceeding *pro se*, the Court construes his allegations liberally.

*Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*,

704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

  The vehicle by which federal constitutional claims may be brought in federal

court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of

a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48 (1988).

A

Burk asserts official as well as individual capacity claims against each Defendant.  Construing the Complaint liberally, it appears that Defendants Wahl, West and Spall – and perhaps Ross and Little – are employees of the Pennsylvania Department of Corrections and thus the official capacity claims against them cannot proceed.  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

Ross and Little may, however, be employed by a private health care company that provides services to inmates at SCIC under a contract with the Pennsylvania Department of Corrections.  If that is the case, the result would be no different and the official capacity claims against Ross and Little would still not be cognizable because they are essentially claims against their private employer.  *See Owens v. Connections Cmty. Support Programs, Inc.,* 840 F.Supp.2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private

4

parties where the entity is also susceptible to suit.")  Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works rather than the employee.  *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985).  Since Burk has not attempted to name that entity, the official capacity claims against Ross and Little are dismissed.

B

Wahl allegedly received a grievance from Burk and Burk wrote to Wahl to ask to press charges against West, but Wahl ignored him.  Any claims based on Wahl's handling of Burk's grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process."  *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).  Accordingly, the facts alleged by Burk about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.  Further, any claim based on Wahl ignoring Burk's request to press charges over the alleged stabbing incident is also not plausible because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not

have a constitutional right to compel criminal prosecution.") (citations omitted).
Accordingly, the claims against Wahl will be dismissed.

IV

For the foregoing reasons, the Court will dismiss Burk's official capacity claims
and his claims against Defendant Wahl pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The
balance of Burk's claims will be served for a responsive pleading.  An appropriate Order
follows.

**BY THE COURT:**


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**